UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, AND THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK,

Petitioners,

v.

RELATED SERVICES LLC,

Respondent.

25-CV-10071 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and the Carpenter Contractor Alliance of Metropolitan New York (collectively, the "Funds" or "Petitioners") commenced this action under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, against Respondent Related Services LLC to confirm an arbitration award issued pursuant to a collective bargaining agreement (the "CBA"). Under the CBA and the corresponding collection policy ("Collection Policy"), Respondent was obligated to pay contributions to the Funds for every hour worked by its employees within the territory of the CBA. A dispute arose between the parties when an audit performed by Petitioners revealed that Respondent had failed to pay the agreed-upon contributions to the Funds. Petitioners then initiated arbitration pursuant to the parties' agreements and the Collection Policy, and the arbitrator issued an award in the sum of $61,047.32, which consists of the principal audit deficiency of $32,142.08 plus interest, liquidated damages, promotional fund, non-audit late payment interest, attorney's fees, audit costs, and arbitration costs (the "Award"). Now

before the Court is Petitioners' petition to confirm the Award and for attorney's fees and costs associated with this action, which Respondent has not opposed. For the following reasons, the petition is granted.

## DISCUSSION

### I. Confirmation of the Arbitration Award

"[A]rbitration awards are not self-enforcing"; instead, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006).[1] Under the Federal Arbitration Act, any party to an arbitration proceeding may apply for a judicial order confirming the arbitration award, which a court must grant unless the award is vacated, modified, or corrected. 9 U.S.C. § 9. "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

"[A] district court should treat an unanswered . . . petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *Id.* Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, even "where the non-moving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

Summary judgment is appropriate here because Petitioners have demonstrated that there is no material issue of fact in dispute. The Award was issued by Jeffrey G. Stein, an impartial arbitrator, following a hearing held on June 18, 2025. *See* Dkt. 1 (the "Petition" or "Pet."), Ex. J (the "Award") at 1–2. At the hearing, the arbitrator heard evidence on the dispute. The uncontroverted testimony of

[1] Unless otherwise indicated, quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

the auditor established that an audit was conducted, and subsequently disputed and recalculated, resulting in the finding of an amount due as set forth below. *Id.* at 4. The summary report of the estimated amount was also submitted by the auditor and received into evidence. *Id.* at 5. The auditor further testified that Respondent did not make payment or offer a settlement. *Id.* The arbitrator accordingly found that Respondent was "in violation of [the CBA] for its failure to pay the amount due as found in an audit of its books and records, which amount is not in dispute, for the period [c]ommencing June 24, 2022 through March 26, 2024." *Id.* at 6. Accordingly, the arbitrator issued the Award against Respondent in the amount of $61,047.32. *Id.*

The CBA and Collection Policy further support Petitioners' contention that arbitration was appropriate and that the arbitrator acted within the scope of his authority. *See* Pet., Exs. B ("CBA"), G ("Collection Policy"); *see also Abram Landau Real Estate v. Bevona*, 123 F.3d 69, 74–75 (2d Cir. 1997) ("The scope of authority of arbitrators generally depends on the intention of the parties to an arbitration, and is determined by the agreement . . . . Even if a court is convinced the arbitrator's decision is incorrect, the decision should not be vacated so long as the arbitrator did not exceed the scope of his authority."). The Collection Policy—which was issued by the Funds in accordance with the CBA—provides that "legal action to collect delinquencies shall generally be in the form of arbitration," and it designates a panel of five arbitrators, including Mr. Stein. Collection Policy, § VI. In light of Respondent's failure to oppose the instant motion—despite being aware of this motion and an opportunity to oppose it, *see* Dkt. 10 ("Ptrs' Letter")—the Court has no reason to question the accuracy of the Award. Therefore, the Award is confirmed.

**II. Attorney's Fees and Costs**

Petitioners also seek attorney's fees and costs associated with this action. Although Section 301 of the LMRA does not provide for attorney's fees in actions to confirm arbitration awards, *see* 29 U.S.C. § 185, in the absence of statutory authority, "courts properly grant attorney's fees if there is some 'independent basis' for the award," such as "an enforceable contract." *Tomato Mgmt., Corp. v. CM Produce LLC*, 2014 WL 2893368, at *1 (S.D.N.Y. June 26, 2014) (quoting *E. Armata, Inc. v.*

*Platinum Funding Corp.*, 887 F. Supp. 590, 594 (S.D.N.Y. 1995)); *see also Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) ("As applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may be properly awarded."). Here, the CBA and Collection Policy provide for attorney's fees in the event the Funds take legal action to recover delinquent contributions. *See* CBA, Art. XV, § 6(a)(4); Collection Policy, § IV(11). In addition, despite being served with a demand letter for compliance with the Award, Respondent has yet to comply and has not provided a justification for its failure to do so. *See* Pet., Ex. K ("Demand Letter"). An award of attorney's fees is therefore proper in this action.

Petitioners seek $877.50 in attorney's fees, corresponding to 2.7 hours of work. Pet. ¶ 36. Counsel from the firm Virginia & Ambinder LLP has submitted contemporaneous time records that reflect the tasks performed and time spent in bringing this petition. *See* Pet. ¶¶ 32–35; *see also id.*, Ex. L ("Time Sheet"). According to the time records, the firm billed Ms. Allison Herstic's time at $325 per hour. Pet. ¶ 34.

Generally, courts determine the initial amount of an attorney's fees award "by multiplying a reasonable hourly rate by the reasonable hours expended." *E.g., Lilly v. City of New York*, 934 F.3d 222, 229 (2d Cir. 2019). District courts have "considerable discretion" to determine a reasonable hourly rate, considering the prevailing rates within the district in which the court sits. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008); *see also Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (explaining that the reasonable hourly fee determination should be guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation"). "In determining whether an hourly rate is reasonable, courts must take into account the nature of the representation and type of work involved." *Trs. of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Coop. Funds v. Northcoast Maint. Corp.*,

2018 WL 2471201, at *4 (E.D.N.Y. May 4, 2018), *R. & R. adopted*, 2018 WL 2465351 (E.D.N.Y. June 1, 2018).

In this year alone, numerous judges in this district have approved Ms. Herstic's requested rate of $325 per hour. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Allac LLC*, 2026 WL 1298411, at * 2 (S.D.N.Y. May 12, 2026) (finding Ms. Herstic's rate at $325 per hour reasonable); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jjd Matthew Constr. Inc.*, 2026 WL 1179654, at *4 (S.D.N.Y. Apr. 30, 2026) (same); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. J&V Locks & Doors, Inc.*, 2026 WL 1875906, at *4 (S.D.N.Y. June 30, 2026) (same). The Court will thus approve a rate of $325 per hour for Ms. Herstic's work.

Turning to the number of hours billed, the Court has examined the submitted invoice and finds that the hours expended were reasonable. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeymen Retraining, Educ. & Indus. Fund v. Metroplex Serv. Grp., Inc.*, 2018 WL 4141034, at *6 (S.D.N.Y. Aug. 30, 2018) (explaining that an invoice "reflects sound billing practices" when it is "thorough, detailed, relevant, and easy to understand, with no evident duplication of effort"). The Court thus grants attorney's fees in the amount of $877.5, as well as the requested $484.50 in court fees and service fees associated with the filing of the Petition, Pet. ¶ 37, "which are standard costs paid in actions brought in this Court." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *5 (S.D.N.Y. Nov. 28, 2016) (approving $70 in service fees and $400 in court filing fees in similar case).

**III. Post-Judgment Interest**

Lastly, Petitioners seek post-judgment interest. Pet. at 8. Post-judgment interest is mandatory for civil money judgments recovered in federal district court pursuant to 28 U.S.C. § 1961(a). *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004). The Court thus grants

Petitioners' request, and post-judgment interest "shall be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961(a).

**CONCLUSION**

For the foregoing reasons, the petition to confirm the Award of $61,047.32 is granted. The Clerk of Court is respectfully directed to enter judgment in the amount of $61,047.32 plus (1) $877.5 in attorney's fees and $484.50 in costs; (2) pre-judgment interest from September 15, 2025 through the date of judgment in this action at the rate of 9.5%; and (3) post-judgment interest at the statutory rate. The Clerk of Court is further respectfully directed to close this case.

SO ORDERED.

Dated: October 2, 2026
New York, New York

Ronnie Abrams
United States District Judge